JUDGE MARRERO

12 CIV 0871

STEPHANIE G. OVADIA (SGO 6955)
DAVID S. DENDER, ESQ (DSD 2056)
Attorneys for Plaintiffs
2160 Hempstead Turnpike
East Meadow, NY 11554
516-542-2133

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X  Civil Action No.

FOODFELLAS PRODUCTIONS, LLC,

               Plaintiff,                                          **COMPLAINT**

    -against-                                             **JURY DEMAND**

DISCOVERY COMMUNICATIONS, LLC.

               Defendant.
------------------------------------------------------------X

       Plaintiff, Foodfellas Productions, LLC ("Foodfellas" or "Plaintiff"), by their attorneys, Stephanie G. Ovadia, and David S. Dender, as and for their Complaint against Defendants, Discovery Communications, LLC ("Discovery" or "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §101 *et seq.* ("Copyright Act"), arising from Defendants' deliberate, willful, and unauthorized copying, reproduction, distribution, performance and exploitation of a derivative Work based on the Foodfellas television pilot and/or series.

2. The Foodfellas television pilot and/or series was created and developed by the Plaintiffs

herein and was presented, pitched and circulated to various media outlets including the Defendants herein.

3. Defendants are credited with developing, authoring and broadcasting the pilot and/or series for the television program "Carfellas", which was released/aired commencing on or about August 29, 2011.

4. The pilot and/or series Carfellas is strikingly similar, and in some places identical, to Foodfellas. Given the numerous similarities between the works, it is evident that Defendants had access to and copied Foodfellas' pilot and/or series.

5. Defendants have infringed Foodfellas' rights under the Copyright Act by creating, reproducing, manufacturing, distributing and performing Carfellas, an unauthorized derivative work based on Foodfellas's original copyrighted name and concept "Foodfellas".

6. Foodfellas seeks damages for copyright infringement and injunctive relief restraining Defendants from further infringing their copyright in Foodfellas.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1338.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391 and §1400. Defendants, at times pertinent to this action did transact and continue to transact business within this District, and a substantial part of the events giving rise to Plaintiffs' claims also occurred in this District. Moreover, upon information and belief, Defendants and/or their registered agents reside and/or may be found in this District.

## THE PARTIES

9. Upon information and belief, at all times herein mentioned, the defendant DISCOVERY, was a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

10. Upon information and belief, at all times herein mentioned, the Defendant DISCOVERY, was a foreign corporation authorized to do business in the State of New York.

11. Upon information and belief, at all times herein mentioned, the Defendant DISCOVERY, was a foreign corporation doing business in the State of New York.

12. Upon information and belief, at all times herein mentioned, the Defendant DISCOVERY, was a corporation organized and existing under and by virtue of the laws of the State of Delaware with offices located at 850 Third Avenue, New York, New York 10022.

13. The Plaintiff Foodfellas Productions, LLC is a Delaware Limited Liability Corporation with offices at 92 Old Tappan Road, Tappan New York 10983 and 520 Hudson Street, Suite 100, New York, New York.

## BACKGROUND FACTS

14. Plaintiff, is the author, creator and developer of the original television pilot and/or series entitled *"Dinner with The Foodfellas: an invitation you can't refuse"* (the "Work"). The Work was duly filed with the United States Copyright Office on January 20, 2004 (Registration Number: Pau2-847-706). A true and accurate copy of the Certificate of Registration is attached hereto as **Exhibit A**.

15. Plaintiff, is the exclusive owner of all rights, title and interest in the work and has not

assigned, licensed or otherwise transferred his copyright to any third-parties or dedicated his rights to the public.

16. From May 2006 through March 2008, Plaintiff circulated, submitted, pitched, and/or discussed the Work and with numerous television networks and forums, and it was widely available for viewing and consideration by the television industry.

17. From May 2006 through March 2008, Plaintiff circulated, submitted, pitched, and/or discussed the Work and other similar "Fellas" type pilots and series with numerous television networks and forums, and it was widely available for viewing and consideration by the television industry.

18. The Foodfellas pilot and series was developed and based on the lives and of three "Goodfella" type characters that were to own and operate their own Italian Restaurant.

19. The Carfellas pilot and series is based on three "Goodfella" type character actors who own and operate their own used automobile dealership.

20. Protectable aspects of the plot, characters, setting and dialogue of Foodfellas and Carfellas are substantially similar and in some cases identical. Some of the similarities include, but are not limited to, the following: use of same year classic car Cadillac as the Foodfellas' signature automobile; use of the same catch-phrase on the show, "An invitation you can't refuse"; use of Cigars, Connolis and Italian Colors; use of "Goodfella", wise guy, tough guy and mob themes; use of Italian music themes while eating and throughout the program and the show opening.

21. Given the numerous and striking similarities between the two works, there can be no dispute that Defendant had access to and copied protectable elements of the Work.

22. The natural, probable and foreseeable result of Defendant's wrongful conduct has been and

will be, *inter alia*, to deprive Foodfellas of the benefits and goodwill associated with the development, production, performance, distribution and exploitation of the Work and injury to Foodfellas' relations with present and prospective network producers and studios seeking original pilots and/or series. Foodfellas has already suffered irreparable damage as a consequence of their inability to market the Work and other "Fellas" type programming to other network producers and studios with interest in the Work.

23. Upon information and belief, Foodfellas has lost, and will continue to lose, substantial revenues from the production, distribution, performance and exploitation of Carfellas.

24. Unless enjoined by this Court, Defendants will continue their course of conduct by unlawfully reproducing, developing, promoting, distributing, and otherwise profiting from the Work, and works derived therefrom, through the creation, reproduction, promotion, distribution and performance of other "Fellas" type series.

25. Foodfellas has no adequate remedy at law to redress the injuries that the Defendant has caused, and continues to cause, through their conduct. Foodfellas will continue to suffer irreparable injury unless this Court takes action.

## FIRST COUNT

### (Copyright Infringement)

26. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 to 25 of this Complaint as though fully set forth herein.

27. The Work is an original work of authorship registered with the United States Register of Copyrights.

28. At all relevant times, Foodfellas has been the original and sole owner of all rights, title

and interest in the Work and Concept and has not assigned, licensed or otherwise transferred their copyright to Defendants, third-parties or dedicated them to the public.

29. There is substantial similarity between Foodfellas and Carfellas and elements of the series and pilot. Some aspects of Carfellas are identical to protectable elements of Foodfellas.

30. Defendants infringed, and continue to infringe, Foodfellas's copyright by copying, reproducing, distributing, marketing and performing an unauthorized derivative work based on the Work. Upon information and belief, Defendants have earned substantial income as result of their authorship credit, production, sale and distribution of Carfellas.

31. The aforesaid acts constitute infringement of Foodfellas's copyright in violation of the Copyright Act.

32. Upon information and belief, the Defendant, their agents, servants and/or employees knowingly and willfully infringed Foodfellas's copyright in the Work.

33. Upon information and belief, unless enjoined by this Court, the Defendants intend to continue their course of unlawful conduct through the production, distribution, and performance of Carfellas, and works derived therefrom including possible sequels and other "Fellas" type series and programming.

34. The aforesaid acts by Defendant have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Foodfellas for which Foodfellas has no adequate remedy at law.

35. As a result of Defendant's conduct, Foodfellas has been damaged in an amount not yet determined or ascertainable and which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Foodfellas, demands judgment against Defendants as follows:

A. Declaring that Defendants have willfully infringed Foodfellas' copyright in Carfellas;

B. Enjoining Defendants, their officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, from creating, manufacturing, producing, publishing, displaying, distributing, performing, licensing, marketing, reproducing or otherwise exploiting any work that infringes upon Foodfellas's copyright in Foodfellas including, but not limited to Carfellas;

C. Ordering Defendants, their officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them to: (i) return to Foodfellas any and all originals, copies, facsimiles, or duplicates of Foodfellas in their possession, custody or control; (ii) recall from all distributors, wholesalers, jobbers, dealers, and retailers, and all others known to Defendants, any original, copies, facsimiles or duplicates of any works shown by the evidence to infringe any copyright in Foodfellas; and (iii) impound during the pendency of this action, and destroy pursuant to judgment, all originals, copies, facsimiles or duplicates of any work shown by the evidence to infringe any copyright in Foodfellas;

D. Ordering Defendants to file and serve within thirty (30) days after service of the Court's order as herein prayed, a written report under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order;

E. Ordering Defendants to account for all gains, profits, and advantages derived from their acts of infringement;

F. Ordering all gains, profits and advantages derived from Defendants' acts of infringement be held in constructive trust for the benefit of Foodfellas;

G. Awarding Foodfellas actual damages suffered and any profits attributable to the infringement of Foodfellas' copyright;

H. Awarding Foodfellas statutory damages;

I. Awarding Foodfellas attorney's fees, interest and costs; and

J. Awarding Foodfellas such other and further relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED: East Meadow, New York
January 2, 2012

_____
David S. Dender

_____
Stephanie G. Ovadia

STEPHANIE G. OVADIA ESQ.(SGO6955)
DAVID S. DENDER, ESQ. (DSD 2056)
Attorneys for Plaintiffs
2160 Hempstead Turnpike
East Meadow, NY  11554
516-542-2133

# EXHIBIT "A"

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE

PAu2-847-706

EFFECTIVE DATE OF REGISTRATION

1 / 20 / 04
Month / Day / Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼
Food Fellas

PREVIOUS OR ALTERNATIVE TITLES ▼

NATURE OF THIS WORK ▼ See instructions
Television Pilot and series.

**2 a** NAME OF AUTHOR ▼
Paul Borghese

DATES OF BIRTH AND DEATH
Year Born ▼ 1959   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼
For a television pilot and/or series.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
2003

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Month ▶   Day ▶   Year ▶

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Paul Borghese
520 Hudson St. #100

APPLICATION RECEIVED
JAN 20 2004
ONE DEPOSIT RECEIVED

EXAMINED BY

CHECKED BY

CORRESPONDENCE
☐ Yes

Deposit contains text.

FORM PA

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ If your answer is "no," go to space 7.
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼    Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6** a

See instructions before completing this space.

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼    Account Number ▼

**7** a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Paul Borghese
520 Hudson St. #700
NYC 10014

Area code and daytime telephone number ▶ (212) 352-1814    Fax number ▶ (212) 352-1815
Email ▶ PaulBorghese@aol.com

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of

Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

PAUL BORGHESE    Date ▶ 11/18/03

Handwritten signature (X) ▼
X Paul Borghese

Certificate will be mailed in window envelope

Name ▼
PAUL BORGHESE

**9**

YOU MUST
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL ELEMENTS IN THE SAME PACKAGE
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights

STEPHANIE G. OVADIA (SGO 6955)
DAVID S. DENDER, ESQ (DSD 2056)
Attorneys for Plaintiffs
2160 Hempstead Turnpike
East Meadow, NY 11554
516-542-2133

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X  Civil Action No.

FOODFELLAS PRODUCTIONS, LLC,

                Plaintiff,

-against-

DISCOVERY COMMUNICATIONS, LLC.

                Defendant.

-------------------------------------------------------------------X

---

## COMPLAINT AND JURY DEMAND

---

# STEPHANIE G. OVADIA ESQ.

# DAVID S. DENDER ESQ.

### ATTORNEYS FOR PLAINTIFF

2160 Hempstead Tpke.

East Meadow, NY 11554

(516) 542-2133